Pennington, J.
The first ground taken by the learned counsel for the defendants is — -That judgments obtained in the courts of a neighboring state, are to be considered in tiie light of foreign judgments, and only prima Jade evidence of a debt, and therefore that nil debet, is a proper plea.
It is true, that the distinction between judgments that are conclusive and those that are only prima fade evidence of a debt, is a distinction between domestic and foreign courts; judgments of the former being conclusive, and those of the latter jmma fade evidence only. It may, however, be proper to observe, that this distinction does not extend to foreign courts of admiralty; these courts, acting under the laws of nations, and not under the municipal laws of any particular country, are quoad the subject matter of their jurisdiction, in the situation of domestic courts; and of course, their judgments or sentences are conclusive. It must, I think, be admitted, that at common law, the courts of a neighboring state must be considered, as it respects [*] the effects of their judgments, as foreign courts. The iuquiry therefore is, whether or not the constitution and law of the United States alter their condition.
When we consider the intimate connexion between the States, forming the great American Republic, the daily intercourse and dealings of the citizens, the similarity in their laws, and sameness in legal proceedings, and in the organization and authority of their various courts of justice, and above all, the necessity of union and harmony to our mutual prosperity ; it was not to be expected that our tribunals of justice would be left, with respect to each other, in the situation of mere strangers or foreigners; but that superior credit would be given to their judgments or sentences, than was given to the judgments and sentences of foreign courts.
According to this idea, we find a provision, first in the Articles of Confederation, and afterwards, in the constitution of the United States, which specially provides, That “full *292 faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State.” One would think that the foregoing clause, which stood alone in the Articles of Confederation, formed a complete provision on that head; and it is really hard to conjecture for what other purpose it was introduced. It is said, however, that it is controlled by the subsequent part of the section, in the constitution of the United States, to wit: “ and the Congress may hy general law, prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof;” that the words faith and credit are not to be taken as giving any effect, because it is intended that Congress may by law declare the effect, and that this would be causing a double provision on the same subject. And it is contended by the learned counsel for the defendants, that the words “full faith and credit,” only mean that the records and proceedings shall be evidence of the fact, of the existence of the records and proceedings. But unfortunately for this construction, a provision is made in the same section, [*] especially pointing out the manner in which this fact of the existence of the records and proceedings shall be ascertained — that is, by a law to be passed by Congress. This would form a double provision of the most absurd and unnecessary kind. Surely, after the records and proceedings are proved in a mode pointed out by law, there wants no constitutional provision that they shall bo evidence of their own existence. Full faith and creditto be given, for instance, to the tnstimony of a witness, examined out of court, before commissioners, must mean something more than the existence of the deposition, and that it was taken in due form of law. In construing an instrument, care should be taken to reconcile words apparently discordant, and in such manner as to give if possible, meaning to every word. By the first member of the section under consideration, I consider, that the framers of the constitution intended a general declaration, that the records and proceedings of the courts of the several States in the union, should be treated with great respect, by full faith and credit being given them in every other State in the union. But as this general declaration was not defined with accuracy, and was subject to be misunderstood, from whence a diversity of construction might arise, they proceeded further, to declare, that Congress might hy a general law, or one uniform rule, more particularly mark out the effect, and define the general power thus given. This, in my opinion, will be giving a reasonable construction to a section of the constitution unquestionably introduced into it, for the purpose of promoting the *293 harmony of the union, and inspiring a mutual confidence among the tribunals of justice of the different States.
Acting, no doubt under this opinion, Congress have, after pointing out the mode of proof, declared as to the effect, that the said records and judicial proceedings authenticated as aforesaid, shall have such faith and credit given to them in every court within the United States, as they have by law or usage in the courts of the State from whence the said records are, or shall be taken. About four years after this law passed, the question came [*] fairly up in the Circuit Court of Pennsylvania. An action of debt was brought in , that court, on a judgment obtained in this, and nil debet pleaded. Ingersoll declined arguing in favor of the plea, and Judge Wilson declared that there could be no difficulty in the case, for that whatever doubts there might be on the words of the constitution, the act of Congress had removed them. And as far as my research hath extended, 1 have not been able to find any opinion against this construction, except the case of Hitchcock and Fitch v. Aikin,* cited by the counsel for the defendants, from the Ncw-York Term Reports. In that case, three respectable judges against two equally respectable, maintained I believe, for the first time, a contrary doctrine, one of the three, Chief Justice Lewis, very much doubting. The three New-York Judges acknowledge, that Congress have the power to declare the effect that judgments obtained in one State shall have in another, but say that that body hath not as yet exercised this authority; and if I understand them, they found their reason principally on the fact that Congress hath not made use of the word effect. I do not know that it is necessary for the Legislature in the exercise of a power delegated to them by the constitution, to make use of the precise words of the constitution itself. The power given is to prescribe the effect of certain records. The execution of the power is a law declaring that those records “shall have such faith and credit given to them in every court within the United States, as they have by law or usage in the courts of the State from whence the said records are, or shall be taken.” Is this not to prescribe the effect? What faith and credit have certain records in the State from whence they are taken? Why, such faith and credit as to render them conclusive evidence of a debt. Suppose Congress, instead of enacting what it hath done, had enacted that those records should have such faith and credit given to them in every court of the United States, as the records of the courts of Jamaica, Ireland, France and *294 England have in the said courts of the United States, would not the effect have been different? Would it not change the effect [*] from conclusive to prima facie evidence? It will not, I trust, be contended, that by the effect is meant a legal coercive power. Tiie effect is to depend on the credit given them. — If the credit given them is such as that they cannot be contradicted, they will have one effect; if the credit given them is such as to make them prima facie evidence only, then another effect will be produced from them; it is possible that records of judicial proceedings may be of so uncertain, vague or suspicious a nature as to be entitled to little or no credit; in that case, a third effect may be produced by them.
If the construction contended for by the defendants’ counsel is correct, the first member of the section, to wit: “that full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State,” is wholly senseless, or its introduction is at best an act of supererogation, the same thing being specifically provided for in the very next following sentence in the same section ; and under the confederate government, the clause must have been introduced with great circumspection and formality, for the sole purpose of putting the courts of the different States-in the union with respect to each other, on the favored footing of the courts of theBermuda Islands, Calcutta or Botany Bay; these being foreign courts, their proceedings and x-ecords would be prima facie evidence, the whole, that under the construction contended fox', is allowed tiie courts of the confederated States.
A stranger to our history, on being made acquainted with’ this construction, would naturally conclude, that the American States at the time of the confederation, instead of being connected with one another by the most honorable tie lliat could possibly bind societies togethei’, were in a state of barbarous enmity, stipulating with each other for advantages enjoyed by every civilized nation. On the whole, I have no hesitation, so far as it respects the point under consideration, to say, that under the constitution and laws of the United States, the records and judicial proceedings in the [*] courts of justice in the State of Pennsylvania, or any other State in the union, must have the same faith and credit given them in this State, as they are entitled to by law or usage in the courts of the State from whence they are brought.
But we are here told by the defendants’ counsel, that what faith and credit is due to records or judicial proceedings in other States, is a question of fact to be tried by a jury, and therefore, that the plea of nil debet is proper to put that *295 fact in issue. I think differently. It must he an intelligent jury indeed, that could mark out the precise limits between conclusive and prima Jade, evidence. This Court will certainly take notice of the constitution of the States forming the union, if not of their statutes(a); and in doing this we find, that by the constitution of the State of Pennsylvania, the Courts of Common Pleas in the several counties of that State, are common law courts, having important jurisdiction, possessing an authority in one particular case of issuing certioraris to inferior jurisdictions; no doubt can he entertained, but that a judgment obtained in one of these courts, in a regular course of the common law, on both parties being in court, and a defence made, or an opportunity to make it, would be conclusive evidence of a debt; and that nil debet to a declaration founded on a judgment so obtained, would be a bad plea. The reason and policy of the thing is in favor of this construction, for by it a great deal of vexatious litigation will he prevented, and it is certainly unreasonable, that after parties have had a fair hearing and trial, or have had a fair opportunity to have had it, but declined taking it, they should, by passing a territorial line, liave it in their power to renew the controversy, and again put their adversary to great expense and trouble. Besides, the want of decorum in bringing in question the propriety and purity of the decisions of the courts of respectable standing in a neighboring State, is certainly a subject worthy of consideration, and to he avoided if public justice should not require the contrary.
The next inquiry, and to my mind, it is all important [*e] in this cause is, what credit tiie judgment on wliich this action is founded, would he entitled to in the courts of Pennsylvania. It appears by the record ’produced, that the judgment and proceedings on which this action is founded, is a proceeding on a foreign attachment. The court will take notice of the record itself, and examine whether it is of such a nature as to be entitled to full credit or-not; and whether it would be conclusive evidence of a debt in the courts of the State from whence it is brought. And I am not ready to say, nor do I believe, that a judgment founded on a foreign attachment, would he conclusive evidence of a debt in the courts of Pennsylvania. Foreign attachments arc from their nature eseparte, and their proceedings in rent. The proceedings are not of a common law nature, but special remedies given the creditors against the rights, credits and ef *296 fectsof the debtor in his absence; in this country by acts of our Assemblies, in Great Britain by the custom of particular cities. They do not, therefore, constitute such records as full faith and credit ought to be given them, and against which nothing can be averred. I find that very little credit is given to judgments on foreign attachments in the courts of Westminster Hall; the original debt on which they are founded is permitted to be denied, or in more technical language, traversed, not from disrespect to the courts where the proceedings on attachment are liad, but from the nature of the proceedings, their liability to fraud and error, and to collusion between the plaintiff in attachment and the garnishee. We, therefore, in my opinion, have a right to presume that the courts of Pennsylvania would suffer the defendants in this action to plead nil debet. For this reason, I am of opinion, that the plea of nil debet is good, and of course, that the defendants must have judgment.

 1 Caines Rep. 460.

 Statute in a court of a sister State not noticed, unless pleaded Hardin’s Rep. 165, Proved, 4 Bibb, 73. 2 Marsh, 609.